# In the United States Court of Federal Claims

No. 25-314C
(Filed:  April 24, 2025)

```
*************************************
                                    *
ERIC DEJUAN JONES,                  *
                                    *
                 Plaintiff,         *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                 Defendant.         *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff Eric De'Juan Jones, who is incarcerated at the South Mississippi Correctional Institution, has filed *pro se* this civil action against the United States of America.  ECF No. 1.  In its Complaint, Plaintiff seeks to collaterally attack the jurisdiction of the courts-martial that convicted them and seek backpay and alteration of their military records.  *Id.* ¶¶ 1, 21.

The Government now moves the Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, to dismiss Plaintiff's Complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted.  It is unnecessary to wait for Plaintiff's response.  For the reasons set forth below, the Government's Motion to Dismiss is hereby **GRANTED**.[1]

## I.    Facts and Background

### a.  Plaintiff's Litigation History

Plaintiff has an extensive history of civil litigation in Federal courts.[2]  This is Plaintiff's second complaint filed in this Court.  In 2010, he filed a complaint challenging his alleged

---

[1] Also pending is Plaintiff's Motion for Leave to Proceed *in forma pauperis*.  ECF No. 3. Although Plaintiff's application is incomplete, the Court will grant the motion for the limited purpose of dismissing Plaintiff's case.

[2] *See Jones* v. *Jones,* No. 2:24-cv-49 (S.D. Miss. filed Mar. 25, 2024); *Jones* v. *McQueen,* No. 3:23-cv-539 (S.D. Miss. filed Aug. 17, 2023); *Jones* v. *US. Soc. Sec. Admin.,* No. 2:23-cv-31 (S.D. Miss. filed Feb. 21, 2023); *Jones* v. *Wilkins,* No. 2:23-cv-30 (S.D. Miss. Filed Feb. 21, 2023); *Jones* v. *Henderson,* No. 1 :23-cv-45 (S.D. Miss. filed Feb. 17, 2023); *Jones* v. *Brown,*

discharge from the military. *See Jones* v. *United States,* No. 10-548 (Fed. Cl. filed Aug. 13, 2010). The Court denied Plaintiff's application to proceed *informa pauperis, see Jones* v. *United States,* No. 10-548, Order at 1 (Fed. Cl. Oct. 22, 2010), and subsequently dismissed the complaint for lack of prosecution pursuant to RCFC 41(b), *see Jones* v. *United States,* No. 10-548, Order at 1 (Fed. CL Dec. 1, 2010).

   **b.  Plaintiff's Complaint**

   Although difficult to read, Plaintiff's Complaint appears to challenge court decisions in several cases which allegedly constituted or involved "wrongful incarceration," "wrongful indictment felony," "false mental commitments," and "deprivations of life, liberty and property by sentencing." ECF No. 1 at 14. Plaintiff's Complaint further cites 18 U.S.C. §§ 1581-1597, criminal statutes relating to peonage, slavery, and trafficking in persons. ECF No. 1 at 1, 6. In his request for relief, Plaintiff once again cites a criminal statute, 18 U.S.C. § 1581, and appears to discuss deaths, executive agents, and an April 4, 2008 RICO "scandal." ECF No. 1 at 3.

   Plaintiff's Complaint also alleges civil rights violations under 42 U.S.C. §§ 1981, 1988, and 1985, and seeks equitable relief under 42 U.S.C. § 1994. ECF No. 1 at 2, 12. Plaintiff explains that he entered a contract "realleged and reincorporated in full from the Mississippi Army National Guard."[1] *Id.* at 2. He also states that there is an outstanding $5000 debt owed to three individuals, none of whom are identified as employees or agents of defendant, and that he served 864 days in custody in the mid-1990s in relation to this debt. *Id.* The thrust of Plaintiff's

---

No. 2:22-cv-99 (S.D. Miss. filed July 18, 2022); *Jones* v. *Mills,* No. 2:22-cv-56 (S.D. Miss. filed May 2, 2022); *Jones* v. *Browning,* No. 2:19-cv-118 (S.D. Miss filed Aug. 19, 2019); *Jones* v. *Dearman,* No. 3:l 7-cv-660 (S.D. Miss. filed Aug. 10, 2017); *Jones* v. *Mississippi,* No. 2:16-cv-126 (filed Aug. 16, 2016); *Jones* v. *City of Prentiss,* No. 2:16-cv-23 (S.D. Miss. Filed Feb. 19, 2016); *Jones* v. *City of Prentiss,* No. 2:15-cv-78 (S.D. Miss. filed May 28, 2015); *Jones* v. *Class a/Other Offs.,* No. 2:15-cv-75 (S.D. Miss. filed May 19, 2015); *Jones* v. *Busher,* No. 4:13-cv-137 (S.D. Miss. filed Aug. 29, 2013) (transferred to No. 3:13-cv-1039); *Jones* v. *Grimes,* No. 4:12-cv-138 (S.D. Miss. filed Aug. 27, 2012); *Jones* v. *Unknown 6/5/2012 Memo Transmitter,* No. 4:12-cv-132 (S.D. Miss. filed Aug 16, 2012) (later divided into No. 4:12-cv-178 and No. 3:13-cv-982); *Jones* v. *Reagans,* No. 2:l 1-cv-109 (S.D. Miss. filed May 10, 2011); *Jones* v. *Grimes,* No. 4:10-cv-70 (S.D. Miss. filed Apr. 20, 2010); *Jones* v. *Jefferson Davis Cnty.,* No. 4:09-cv-130 (S.D. Miss filed Oct. 1, 2009); *Jones* v. *Grimes,* No. 2:09-cv-188 (S.D. Miss. filed Sept. 11, 2009); *Jones* v. *Grimes,* No. 2:08-cv-260 (S.D. Miss. filed Dec. 1, 2008); *Jones* v. *Miss. Dep'tofCorr.,* No. 3:08-cv-728 (S.D. Miss. filed Nov. 26, 2008); *Jones* v. *Miss. Dep'tof Corr.,* No. 3:06-cv-377 (S.D. Miss. filed July 13, 2006); *Jones* v. *Holman,* No. 3:06-cv-373 (S.D. Miss. filed July 11, 2006); *Jones* v. *Mingo,* No. 2:02-cv-778 (S.D. Miss. filed Jan 23, 2006); *Jones* v. *Miss. Dep't of Corr.,* No. 3:05-cv-208 (S.D. Miss filed Mar. 30, 2005); *Jones* v. *Walker,* No. 2:04-cv-370 (S.D. Miss. filed Nov. 5, 2004); *Jones* v. *Lawrence Cnty.,* No. 2:03-cv-400 (S.D. Miss. filed July 28, 2003); *Jones* v. *Booker,* No. 3:00-cv-274 (S.D. Miss. filed Apr. 5, 2000); *Jones* v. *Daughdrill,* No. 2:00-cv-64 (S.D. Miss. filed Mar. 10, 2000); *Jones* v. *Bailey,* No. 4:99-cv-286 (N.D. Miss. filed Jan. 11, 2000). This list does not include Plaintiff's appeals to the Court of Appeals for the Fifth Circuit or his state court cases.

contract claims seems to be that he entered a contract in 1992 and is entitled to contract "like white male citizens" under Federal civil rights law. *Id*

Finally, Plaintiff's Complaint discusses a "summons" in relation to one of his habeas cases that closed in 2014, *Jones v. Busher,* No. 3:13-cv-1039 (S.D. Miss. filed Aug. 29, 2013), ECF No. 1, Compl. at 4.[3]

## II.    Standard of Review

When deciding a motion to dismiss pursuant to RCFC 12(b)(l), the Court "assume[s] all factual allegations [in the complaint] to be true and . . . draw[s] all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (citations omitted). On a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff bears the burden to show by a preponderance of the evidence that the district court has subject matter jurisdiction." *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002). If a defendant challenges this Court's jurisdiction, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). A *pro se* plaintiff, however, is not excused or exempt from meeting the Court's jurisdictional requirements. *See Henke*, 60 F.3d at 799.

## III.    Discussion

In its Motion to Dismiss, the Government argues that Plaintiff's Complaint should be dismissed pursuant to RCFC 12(b)(1) and 12(b)(6) because Plaintiff fails to plead any claim within the scope of the Court's jurisdiction.

The Court agrees with the Government that Plaintiff's Complaint must be dismissed for lack of jurisdiction. Although Plaintiff's Complaint is difficult to follow, it is clear that Plaintiff's claims are either criminal violations or civil rights violations, neither of which falls within this Court's limited jurisdiction. *See Dibrell v. United States*, 2024 U.S. App. LEXIS 32042, *5-6 (Fed. Cir. 2024) ("Regarding any claim that alleges criminal violations, the Court of Federal Claims correctly determined it 'lacks subject matter jurisdiction over claims arising under criminal law.'"); *Drake v. United States,* 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under *state* law."); *May v. United States,* 534 F. App'x 930 , 933 (Fed. Cir. 2013) ("[Petitioner] likewise cannot sue in the Claims Court under 42 U.S.C. §§ 1981 or 1982. Nothing in those provisions is fairly read to impose a money-mandating obligation on the

---

[3] Plaintiff also cites to a "complaint for marriage" and "conjugal visitation," ECF No. 1 at 10; a request for a search of his records, ECF No. 1 at 16; and an "order of bail," ECF No. 1. at 17. The contents and purpose of the attachments to the Complaint are undistinguishable.

United States, or at least not one enforceable under the Tucker Act."). This Court further lacks jurisdiction to review the decisions of other tribunals, including state trial courts. *See Lomax* v. *United States,* No. 2022-2138, 2023 WL 3493678, at* 1 (Fed. Cir. May 17, 2023), *cert. denied,* 144 S. Ct. 508 (2023) ("The Court of Federal Claims was clearly correct that it lacked jurisdiction over [petitioner's] collateral attacks on decisions of state and federal courts with respect to criminal matters[.]").

To the extent Plaintiff seeks equitable relief under 42 U.S.C. § 1994, this Court can only provide declaratory or injunctive relief "as an incident of and collateral to" a judgment for money damages. 28 U.S.C. § 1492(a)(2); *see also United States v. Tohono O'Odham Nation,* 563 U.S. 307,313 (2011) (stating that United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers"). Because this Court lacks jurisdiction over his civil rights claims, it cannot provide equitable relief.

Further, although Plaintiff's Complaint refers to a contract, this is insufficient to bring a claim within this Court's jurisdiction. The contract to which Plaintiff refers appears to be an enlistment contract, and "[i]t is well established that a military enlistment contract cannot be the basis of a claim under the Tucker Act." *Visconi v. United States,* 98 Fed. CL 589, 594 (2011), *aff'd,* 455 F. App'x 986 (Fed. Cir. 2012). Moreover, the allegations regarding this contract are too vague and implausible to establish this Court's jurisdiction. *See Ibrahim v. United States,* 799 F. App'x 865, 865 (Fed. Cir. 2020) ("A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for lack of subject matter jurisdiction 'if the claim is "wholly insubstantial and frivolous."'" (quoting *Lewis v. United States,* 70 F.3d 597, 602-04 (Fed. Cir. 1995)). In addition, any contract claims from 1992 would also be time-barred, another jurisdictional deficit. *See* 28 U.S.C. § 2501 (establishing general six-year statute of limitations for Court of Federal Claims); *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 134 (2008) (explaining that§ 2501 is "jurisdictional"). Finally, Plaintiff's allegation which vaguely discusses a "summons" in relation to one of his habeas cases that closed in 2014, similarly fails to establish this Court's jurisdiction.

Plaintiffs, even *pro se* plaintiffs, have the burden of establishing the Court's jurisdiction. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Plaintiff has failed to meet this requirement. Thus, because Plaintiff's Complaint has no arguable basis in law or in fact, the Complaint is dismissed for lack of subject-matter jurisdiction as frivolous. *See Moden v. United States,* 404 F.3d 1335, 1340 (Fed. Cir. 2005) (acknowledging that Court of Federal Claims lacks subject-matter jurisdiction over claims "'so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal Controversy'" (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998))).

## IV.    Conclusion

Because the Court concludes that Plaintiff's Complaint is not within the subject matter jurisdiction of the court, the Court **GRANTS** the Government's Motion to Dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The Clerk is directed

to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

s/Edward J. Damich<br>
EDWARD J. DAMICH<br>
Senior Judge